A creditor of an insolvent firm alleged that shortly before its failure he forwarded to the firm proceeds of a renewal note to take up other notes of his, which renewal note had been discounted by said firm. *Held* that, without evidence that such proceeds came into the hands of the receiver of such firm, the creditor had no specific lien on the assets as against the receiver.

In the matter of the estate of Dolge & Son. Motion by receiver to confirm report of referee holding that Julius Breckwoldt is an unpreferred creditor, instead of a lien creditor, as alleged by said claimant. Report confirmed.

Kernan Bros. & Quinn, for the motion.

Charles J. Palmer, opposed.

HISCOCK, J. Some of the material facts which appeared upon the trial of this claim are as follows: Dolge & Son held notes against the claimant in March, 1898, amounting to upwards of $2,700. Upon March 22, 1898, he mailed to the firm his note for $1,806.17, with which to provide for the payment of so much of said two notes maturing in April, 1898, as he intended not to pay. The firm mailed a package of notes to its broker, one Waters, in Buffalo, who sold a portion of them, including the plaintiff's note, for $4,652.35, receiving a draft for that amount. He sent to Dolge & Son a draft for $4,000, and the balance, $652.35, in cash, he deposited to his credit in the Citizens' Bank of Buffalo. This took place on or about April 6, 1898. April 11, 1898, Mr. Mills, the receiver of said Dolge & Son, which was a co-partnership, was appointed. I regard it as established, as found by the referee, that no part of said $4,000 proceeds of said notes mailed to the firm as aforesaid came into the hands of the receiver. Upon April 19, 1898, Waters purchased a draft for $628.54, the balance of the proceeds of the above-mentioned notes received by him, less $23.81, expenses, etc., which he mailed to the firm of Dolge & Son at its old office address. Said draft has never been received by Mr. Mills, as receiver, or, so far as can be discovered, by any one else who was entitled to it, and has never been paid or presented for payment. And said balance has never been paid over to the receiver, and, so far as appears, still remains in the hands of Mr. Waters, subject to said outstanding draft. Under these circumstances, I think that the report of the referee must be confirmed, so far as it holds that the claimant has no specific or special claim or lien upon the assets in the hands of the receiver as against other creditors. None of the proceeds of the batch of notes discounted as aforesaid, and which included claimant's, has come into his hands. Four thousand dollars thereof was spent and is accounted for before his receivership, and, while he is or may be entitled to collect said balance of $628.54, he has not done so, and has not got that sum in his hands. I have no doubt, however, that the note received by Dolge & Son from the claimant was received by them for the purposes of in part retiring the old notes so held by them, and for that specific purpose, and so far as the proceeds of the new note were applied to other purposes it was a diversion, intentional or otherwise, and that claimant, having been compelled to pay the old notes, has a claim upon the proceeds of the lot of notes discounted, including his still in the hands of Mr. Waters. The latter is not a party to this proceeding, and relief against him must be sought in other ways. Bank v. Peters, 123 N. Y. 272, 25 N. E. 319.

Ordered accordingly.